SIMEON BUCK v. EBENEZER PIKE.

*Lease. Covenant for good husbandry, maintaining buildings, &c.*

A lessee is bound *at all times* to perform his covenants to carry on the leased premises in a husband-like manner, and maintain the buildings, &c. :—for any neglect to do so, the lessor may commence an action before the termination of the lease, and therein recover his actual damages, and have those damages assessed by a jury.

COVENANT. On the 23d day of February, 1852, the plaintiff, by an indenture, duly executed by both parties, leased to the defendant, his heirs and assigns, a farm, containing about one hundred and eighty acres, from the first day of April, A. D. 1852, so long as the defendant should well and truly pay to the plaintiff the rents, and do and perform all the agreements mentioned in the indenture. The defendant, by said indenture, agreed " to build " thirty rods of good wall, where it is most needed on said land, " within one year from date, and after that, thirty rods, each and " every year, so long as there is wall wanted on said land, and to " pay fifty-one dollars in one year from the first day of April, " A. D. 1852, and after that, to pay for each and every year, the " same sum, and also to pay all the rates or taxes or duties which " shall arise on said farm, and also to carry on said farm in a good " husband-like way and manner, and never to cut off the wood so as " to injure said farm, nor carry off the hay, straw, stone or manure, " so as to injure said farm,—and also to maintain the buildings, " and everything thereto belonging, at the expense of the said " Pike ; and, on failure, to make good all damages to said Simeon " Buck," &c.

The declaration counted upon and alleged a nonperformance, by

35

the defendant, of each of the above mentioned agreements in the lease, up to the 1st of April, 1853, shortly after which the suit was commenced. Plea, the general issue, and a special plea, averring a performance of all of said agreements, upon which issue was joined to the country;—trial by jury, December Term, 1854,— UNDERWOOD, J., presiding.

The testimony tended to prove that, the defendant took, and still retained, possession of the premises, under the indenture, and that he did not, either on or before the 1st of April, 1853, pay any part of the annual rent, or build any of the stone wall, or make any repairs on the buildings, which were very much out of repair, and remained so at the time of the trial,—and that since the commencement of the suit, the plaintiff had incurred an expense of fourteen dollars, in causing necessary repairs to be made to the buildings.

The evidence also tended to prove that, the defendant, since the commencement of the suit, had paid to the plaintiff's attorney, fifty-one dollars, for the first year's rent, and the cost of the writ and service, and that the defendant had, also, since the commencement of the suit, and principally during the year 1854, erected, upon the premises, eighty rods of stone wall, where most needed. The testimony also tended to prove that the defendant did not, during the first year, manage and carry on the premises in a good husband-like manner, and that he suffered the fences to decay and become prostrate,—and that the damage to the premises, by reason of the defendant's neglect to maintain the buildings, the first year, and to erect and keep up suitable fences, and failure of good husbandry in other respects, was fifty dollars.

There was no testimony in the case, except that which was given by the plaintiff's witnesses.

The county court directed the jury to return a verdict for the plaintiff, for nominal damages only, and his costs. Exceptions by the plaintiff.

*Washburn & Marsh* for the plaintiff.

The defendant's covenant, to maintain the buildings, &c., required him to keep them, at all times, in repair; *Monk* v. *Noyes*, 1 C. & P. 265; (11 C. L. R. 386.) This covenant has been violated, and the plaintiff has sustained actual damages, which should have

been assessed by the jury, *Smith* v. *Peat*, 24 L. & E. R., 471. Defendant's failure to repair diminished the plaintiff's security, and the value of his reversion, to the extent of the amount which the repairs would cost, and that sum should have been the measure of damages, *Shortridge* v. *Lamplugh*, 2 Ld. Raym., 798; *Vivian* v. *Campion*, Salk. 141.

The plaintiff's right to recover that amount, is not affected by the commencement of his suit previous to the expiration of the term, and without a re-entry. *Luxmore* v. *Robson*, 1 B. & Ald. 584. *Schieffelin* v. *Carpenter*, 15 Wend. 400; Platt on Covenants, 288; Sedgw. on Dam. 388.

*Converse & Barrett* for the defendant.

The opinion of the court was delivered by

Isham, J. This action is brought to recover damages for the breach of covenants contained in a lease. The lease was executed on the 23d of February, 1852, and was to continue so long as the rents were paid, and the covenants therein contained were performed. Breaches are assigned, in the declaration, of the various covenants contained in the lease, and upon the performance of which issue was joined.

The facts stated in the case show a breach of some, at least, of these covenants; that is, the rent was not paid for the first year, when due, nor until after the commencement of this suit; nor was the given quantity of wall made during that period, as the defendant had covenanted, nor until after the suit was commenced. The plaintiff was, therefore, entitled, in any event, to recover nominal damages. The county court ruled that nominal damages, only, could be recovered. The plaintiff insists upon actual damages, and upon having those damages assessed by a jury. In relation to the covenant for the payment of rent, and for building wall we see no error in the ruling of the court. This suit having been commenced immediately after the termination of the first year, and those covenants having been subsequently performed, the damages are necessarily merely nominal.

The more important questions arise upon the covenants to carry on the farm in a good husband-like manner, "and to maintain the buildings, and everything thereto belonging," which appear to have

been much out of repair. It is insisted that the plaintiff can recover nominal damages only, on those covenants, as this action was commenced while the lessee was in possession, and before the termination of the lease; and that there is no breach of the covenants, on which an action can be sustained, if the covenants are performed before the interest of the lessee in the lease has terminated, and before the premises have passed into the hands of the plaintiff, as lessor. It is not necessary to decide to what extent the lessee is bound to repair, under the words "maintain the buildings,"—whether he was obliged to keep the premises only wind and water tight, as was observed by PATTERSON, J., and as the rule was applied to a tenant from year to year, *Leach* v. *Thomas,* 7 Car. & P, 327; *Auworth* v. *Johnson,* 5 Car. & P. 239, or to keep the premises in the state or condition in which they were at the time of the demise, *Gutteridge* v. *Munyard,* 7 Car. & P. 129,—or whether he is liable only for injuries arising from voluntary negligence, Woodf. Land & Tent. 398. Whatever the character and extent of that obligation may be, we have no doubt that the covenant, in relation to the occupancy of the land, and maintaining the buildings, is as continual and perpetual as the duration of the lease. The lessee is bound, *at all times,* to the performance of those covenants, and for any neglect, the plaintiff can sustain his action, though there has been no termination of the lease. This point was directly decided in the case of *Luxmore* v. *Robson,* 1 B. & Ald. 584, and *Schieffelin* v. *Carpenter,* 15 Wend. 400; Sedgw. on Dam. 388. The reason and propriety of this rule is apparent. The plaintiff, as lessor, has a right to insist that the buildings, at all times, be maintained, and the land managed according to good husbandry, as a matter of security for the performance of other covenants in the lease. The plaintiff, under these covenants, was entitled to recover his actual damages, or such damages as will put and keep the premises in that state and condition which is provided for by those covenants. The ruling of the county court, in directing the jury to find nominal damages only, was, we think, incorrect. The plaintiff was entitled to his actual damages, and to have those damages assessed by the jury.

The judgment of the county court is reversed, and the case remanded.