THE MAYOR, ETC., OF THE CITY OF TROY, Respondents, *v.* THE TROY AND LANSINGBURGH RAILROAD COMPANY, Appellant.

By the acceptance by a railroad corporation of a license from a municipal corporation to lay and operate its tracks in the streets of the latter, the terms and conditions upon which the license is granted become a contract between the parties.

A reservation of power on the part of the municipal corporation to revoke the license in case of failure to comply with the terms, does not affect the liability of the railroad corporation while operating its road under the license.

Where a judgment is obtained against a city in an action brought to recover damages for injuries sustained, in consequence of a failure of a railroad corporation to comply with its contract to keep that portion of the street occupied by its track in good repair and safe for travel, and where the latter has notice of the action and an opportunity to defend, the record of the judgment is competent evidence in an action against it brought by the city, and is conclusive as to its liability and as to the amount the city is entitled to recover.

(Argued March 29, 1872; decided April 9, 1872.)

THIS action was brought to recover the amount of a judgment paid by plaintiffs for damages sustained by the overturning of a sleigh in one of its streets.

Plaintiffs granted a license to defendant to lay its track through certain streets upon condition that it should keep in thorough repair the pavement between and for eighteen inches outside of its track, and should remove the snow and afford a safe and unobstructed passage for sleighs and wagons. In default the common council, after thirty days, had the right to revoke the license. After a heavy fall of snow, defendant, to run its cars, removed the snow from its tracks, leaving it on the sides. In consequence, one Nathaniel Purdy was precipitated into the excavation by the overturning of a sleigh, and was injured. He brought an action against the city. Notice was given defendant of the action, and it was requested to defend and indemnify the city, but declined. Purdy obtained judgment for $3,825, which was paid by plaintiffs. On the trial herein the court received the judgment in evidence and held it conclusive upon defendant as to extent of damages, and that the excavation by defendant rendered the streets unsafe and dangerous, and that Purdy was not chargeable with contributory negligence. To these rulings defendant excepted. Plaintiffs obtained judgment for the amount paid on the Purdy judgment, with costs, counsel fees and expenses incurred in the defence. The judgment was affirmed by the General Term.

*W. A. Beach* for the appellant.

*M. I. Townsend* for the respondents.

GROVER, J., reads for affirmance.
All concur. Judgment affirmed with costs.