IN THE MATTER OF CHARLES E. APPLEBY TO VACATE AN
ASSESSMENT.

*Assessment — what is a material error — the cost of paving a portion of a street
required to be paved by a railroad company must be deducted.*

The failure of the city authorities to compel a railroad company to pave that
portion of a street occupied by its tracks, which it was required to pave and
keep in repair by the ordinance granting to it the right to lay its tracks
therein, is a material error, and entitles a property'owner whose assessment for
paving has been increased, by the addition of the cost of paving that portion of
the street so required to be paved by the company, to have such amount
deducted from his assessment.

APPEAL by the petitioner from an order, made at a Special Term
denying an application to vacate an assessment.

*Cecil Campbell Higgins*, for the appellant.

*J. A. Beall*, for the mayor, etc., of New York.

DANIELS, J.:

This case has already received the consideration of this court when
it was held that the application of the petitioner had been rightly
denied because of his failure to prove that the Hudson River Rail-
road Company had laid its tracks in this portion of Eleventh avenue,
under the liberty for that purpose given to it by an ordinance of the
common council of the city. Under the order, as it was finally made,
the petitioner was allowed to give further proof by supplying this
omitted evidence, and on the hearing, which resulted in the order
from which the appeal has been taken, this proof was supplied. It
now appears in the case that in 1848 or 1849 the railroad company
did lay a track of rails in Eleventh avenue, between Fifty-second
and Fifty-ninth streets, which included that part on which the pave-
ment was laid, for the expenses of which the petitioner's property
was assessed.

The ordinance under which the railroad acquired the right to lay
its tracks in the avenue contained the provision that it should " grade,
regulate, pave and keep in repair a space twenty-five feet in width
in and about the tracks in all the avenues and streets through which

said track or tracks shall be laid, whenever the common council shall deem the interest of the public to require such pavement to be done." It was subject to this obligation that the railroad company accepted the privilege created, and the duty to perform it assumed the nature of a contract upon its part. (*Mayor, etc.*, v. *Troy, etc., R. R. Co.*, 49 N. Y., 657.) By availing itself of the privilege the company at the same time subjected itself to the performance of the obligation, forming in part the consideration upon which the privilege was granted. This ordinance does not appear to have been in any man ner afterwards changed, or to have been superseded by means of any legislative or other authority. The presumption therefore is that it was in full force at the time when this pavement was placed upon the avenue, and the obligation of the railroad company to comply with this provision when this work was done was clear and explicit. In providing for the pavement unmistakable evidence was given by that act that the common council deemed it for the interest of the public that the pavement should be laid, and the railroad company, under the express terms of the ordinance, was then bound to pave a space of twenty-five feet in width in and about its track. The public authorities could not by neglecting to enforce the obligation relieve the company from its observance, and charge the increased expenditure caused thereby upon the property of persons liable to contribute to the payment of the expense of the improvement. They had no choice or right of election upon this subject. For the obligation was absolute in its nature, and it was their duty to enforce it, so far as it extended, for the relief of the persons own-ing the property liable to contribute to the cost of the enterprise, for these persons were legally obligated only to pay the expenses incurred in paving the residue of the avenue outside of this space of twenty-five feet. That was the full measure and extent of their legal obligation, for the rest of the expense had been in unmistaka-ble terms imposed upon and assumed by the railroad company; and the property owners were entitled to the same benefits they would have secured if this obligation had literally been enforced. It was not claimed that the company was unable to perform the obligation so imposed upon it, or to respond for the consequences of its neg-lect in doing so. And no reason has, therefore, been presented for depriving the property owners of the advantage intended to be

secured to them by this provision of the ordinance. The omission to enforce it and to secure so much of the pavement under it as the railroad company was obliged to lay, was a material error and defect in the proceedings themselves, of which the applicant as the owner of the property fronting upon the avenue has a legal right to complain. (*Matter of Casey*, 5 Hun, 463; *Matter of N. Y. Prot., etc., School*, 75 N. Y., 324.) No part of the cost of this twenty-five feet of pavement was legally chargeable to him, but under the terms of the ordinance it is clear that it should have been imposed upon the railroad company. A portion of it was included in the assessment required to be paid by him, and to that extent he has been made the subject of injustice. The order, therefore, should be reversed and a further hearing directed, upon which the assessment against the petitioner should be so far reduced as to relieve him from the cost of so much of the pavement as the railroad company should have been required to lay in front of his property to comply with the terms of this ordinance; and as so reduced, the assessment should be affirmed, without costs.

Davis, P. J., and Brady, J., concurred.

Order reversed and a rehearing directed, without costs.