## Charles T. Trego, Appellee, v. Tobias Rubovits, Appellant.

## Gen. No. 16,494.

1. LANDLORD AND TENANT—*duty to keep elevator in repair.* In the absence of a covenant by the lessee of part of a building to keep a passenger elevator in good condition and repair, the duty to repair rests on the lessor.

2. COVENANTS—*construction.* Where the lessee of part of a building covenants to keep the passenger elevator "in good condition and repair," the covenant amounts to a covenant to keep the elevator in a reasonably safe condition.

3. LANDLORD AND TENANT—*liability of lessee on covenant to repair elevator.* A lessee who covenants to keep the elevator in good condition and repair is liable to his employe for injuries caused by the elevator being out of repair.

4. LANDLORD AND TENANT—*liability of owner though lessee covenanted to repair.* The owner of a building is liable to an employe of a lessee of part of the building for injuries caused by the elevator being out of repair, though such lessee covenanted to keep the elevator in good condition and repair.

5. LANDLORD AND TENANT—*liability of tenant on covenant to repair.* Where the lessee of part of a building covenants to keep the elevator in good condition and repair, and his employe who is injured because such elevator is not in good condition recovers from the owner for such injuries, the owner has a right of action against the lessee for the damages recovered by such employe.

6. LANDLORD AND TENANT—*duty of landlord to keep elevator in repair.* Though the lessee of part of a building covenants to keep the elevator in good condition and repair, the owner's legal duty to keep such elevator in a reasonably safe condition is not abrogated as to other tenants and other parties rightfully using it.

7. LANDLORD AND TENANT—*liability of tenant on covenant to repair elevator.* The liability of a lessee of part of a building on his covenant to keep the elevator in good condition and repair is primary and the right of the owner to recover against such lessee for damages recovered against him by an employe of the lessee injured because of the lack of repair of the elevator is not affected by the doctrine that neither contribution nor indemnity will be given one of several tort feasors against others, since the owner and lessee are not equally liable.

8. LANDLORD AND TENANT—*amount landlord may recover on covenant of tenant to repair.* Where a lessee covenants to keep the elevator in repair and to pay all reasonable expenses incurred by the owner in enforcing the covenants, and his employe recovers a judgment against the owner for injuries caused by defects in the elevator, and the owner compromises with the employe by paying part of the judgment, such owner can recover from the lessee only the amount paid by compromise and the fees and costs expended in defense of the action.

9. PRACTICE—*when party cannot object to ruling in his favor.* Plaintiff cannot complain that judgment was entered without a remittitur for a sum less than the verdict returned on direction of the court, where the ruling was in his favor and was urged on the court by him.

10. COVENANTS—*to repair construed.* Where a lessee of part of a building covenants to keep the elevator in good condition and repair, the lease does not by implication or otherwise indemnify against damages except those arising specifically by reason of failure to keep such elevator in good condition and repair.

11. INTEREST—*when damages not liquidated.* Where a lessee covenanted to keep the elevator in good condition and repair and one injured by defects therein recovered a judgment against the owner, though such owner may recover against the lessee for the amount paid under the judgment, yet under the covenant the owner is not entitled to interest against the lessee on the amount

paid, since the damages were not liquidated nor so certain and definite that interest might be allowed thereon.

12. PRACTICE—*what is part of elevator, question for jury.* Where a lessee of part of a building covenants to keep the elevator in good condition and repair, it is a question of fact for the jury whether the water meter used to measure the water used by such elevator is a part of it within the covenant, where the use of such meter is retained by the owner for the benefit of other tenants.

13. PRACTICE—*power of court to enter judgment where verdict is directed.* Judgment may be entered for a sum other than that awarded in the verdict without the formality of a remittitur, where the verdict was directed.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed October 16, 1912. Rehearing allowed October 30, 1912, and opinion refiled March 12, 1913.

ROSENTHAL, KURZ & HIRSCHL, for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

November 4, 1891, Charles T. Trego, appellee, leased for the term of five years beginning January 1, 1892, to Edward and Tobias Rubovits the first floor, basement and third floor of the building, 163-165 Fifth avenue, Chicago, to be occupied for general stationery business. The lease contained the following provisos:

"It being understood and agreed that the elevator halls and stairways in said building shall be used jointly by all the tenants in said building."

The lessees "to pay the proportionate part of all water rents used for elevator or otherwise."

"It is expressly understood that during said term said parties of the second part (the lessees) shall make all repairs needed in or about the premises, and will also at their own expense, keep the elevator in good condition and repair."

The lessees "have examined and know the condition

of the said premises, and have received the same in good order and repair.''

Lessees ''agree to pay and discharge all reasonable costs, attorneys' fees and expenses, that shall be made and incurred by the party of the first part in enforcing the covenants and agreements of the lease.''

February 26, 1894, while the said lease was in full force, one Peter McDonald, an employe of the lessees, was injured while riding on the elevator, because of the falling of a water meter that had been attached to the sheave wheel of the elevator at the top of the shaft. The meter was attached between the spokes of the sheave wheel for the purpose of measuring the amount of water consumed in the operation of the elevator, and fell because its fastenings were permitted to get loose, thus allowing the meter to slide backward and forward as the wheel revolved.

McDonald sued and recovered a $4,000 judgment against appellee on the ground that appellee, the owner of the elevator, negligently permitted the meter to become insecurely fastened to the sheave wheel, in consequence of which it fell and injured him. After being sued by McDonald appellee gave the lessees notice of the pendency of the suit and to defend the same or he would hold them responsible to him under their lease for any judgment, costs and expenses that he might have to pay by reason of the prosecution and his defense of said suit. September 9, 1899, appellee settled said judgment and obtained a satisfaction and cancellation thereof for $2,000 paid by him to McDonald, and also paid a further sum of $511.28 for attorneys' fees charged Trego for defending the suit, and for costs and expenses connected with said suit, which were admitted to be usual and reasonable fees, and on same day gave notice to said lessees that he had paid same and that unless he was reimbursed by them within ten days therefrom he would begin suit against them on said lease to recover said amounts.

This action of covenant was afterwards brought by

appellee as owner and lessor of said premises against said lessees to recover the damages by him sustained as aforesaid by reason of their alleged breach of their said covenant to keep said elevator in good condition and repair at their own expense. The damages averred and claimed by appellee were the amount paid by him in satisfaction of the McDonald judgment against him, together with interest thereon, and costs, attorneys' fees, etc. Before trial, the death of Edward Rubovits was suggested, and the cause proceeded against the appellant, Tobias Rubovits. The judgment in favor of McDonald, with the pleadings in that case, and the proofs of the facts heretofore recited, showing that McDonald was injured in consequence of the failure to keep the meter securely fastened, etc., were introduced in evidence by appellee. Appellant then offered evidence tending to show that he was a partner in said lease with Edward Rubovits, and that they went into possession of said premises, January 1, 1892, and that appellant stepped out of the firm in March, 1893, before McDonald was injured, and was not after March, 1893, personally in said premises, the business thereafter being conducted by Edward Rubovits and others, successors to lessees; that the elevator in question is a hydraulic elevator run by city pressure, and that the register or meter had nothing at all to do with the running of the elevator, but was used for the sole purpose of measuring the water used in the running of the elevator.

At the close of the evidence the court directed a verdict for the plaintiff in the sum of $2,511.28 and five per cent. interest thereon from September 9, 1899, and a verdict for $3,777 was accordingly returned. Subsequently, the court disregarded this verdict, and on motion for a new trial the court without a formal remittitur found that the plaintiff was not entitled to interest and entered judgment against appellant for $2,511.28.

In this appeal appellant attacks the judgment on the ground that the damages awarded are remote, consequential and not within the contemplation of the parties; and that, therefore, they are not such damages as can legally be recovered for the breach of the covenant to "keep the elevator in good condition and repair." The law is well settled that when a landlord rents the whole of the premises to a tenant, in the absence of special agreement there is no duty on the landlord to make repairs. It is also well settled that where a portion of the premises, as a stairway, hall, porch, or a passenger elevator, is retained under the control of the landlord by contract or by implication of law, and other specified parts of the premises are rented to different tenants, and the landlord neglects to repair the portions so retained by him for the common use of his tenants, and injury results to a tenant or any one else rightfully on the premises and using reasonable care, the landlord is liable for the damages thus caused, because in such case it is the duty of the landlord to make repairs, and keep such places reasonably safe. It may also be stated as a general rule that when either the landlord or the tenant covenants to repair in a case where the relation of landlord and tenant would cast the duty on the other to make such repair in the absence of such a covenant, he is not liable to the other party to the contract for personal injuries resulting from a failure to repair, as such injuries are too remote to be recovered as damages for breach of contract. If, however, the covenant amounts to a covenant to keep the premises reasonably safe, or if the contract is such as to plainly indicate that such damages were contemplated by the parties at the making of the contract, then damages for personal injuries by reason of the breach of such a contract may be recovered. Cromwell v. Allen, 151 Ill. App. 404; Dustin v. Curtis, (N. H.) 11 L. R. A. (N. S.) 504; Miles v. Janvrin, (Mass.) 13 L. R. A. (N. S.) 378-380; Sutherland on Damages, vol. 3, sec. 874.

Except for the covenant in this case to "keep the elevator in good condition and repair" by appellant, the duty and responsibility would have rested on appellee to keep the elevator in good condition and repair. This duty being cast by the contract upon appellant, we think that the wording of the covenant, in view of the fact that the elevator was a passenger elevator, and that dangerous consequences and heavy damages naturally and usually come as a result of not keeping such carriages in good condition and repair, that the covenant amounted to a covenant to keep the elevator in safe or reasonably safe condition, and that the parties had in mind the fixing of such a responsibility upon appellant.

Appellant as tenant having made the express agreement to keep the elevator in good condition and repair in order to avoid circuity of action would be liable to McDonald for his injuries in case the injuries were caused by reason of the elevator being out of repair. So also was appellee liable to McDonald by reason of his being owner of the building, as the elevator was to be used by all the tenants in the building. Gridley v. City of Bloomington, 68 Ill. 47; Schwandt v. Metzger Linseed Oil Co., 93 Ill. App. 365.

Inasmuch as appellant contracted to assume the duty of keeping the elevator in good condition and repair at his own expense, and failed to perform that duty, which duty the law would otherwise have cast upon appellee, and as appellee was thus made liable to McDonald for his said injuries as owner of the elevator, appellee had his right of action over against appellant for the damages so recovered against, and paid by, him. This result necessarily follows if we are correct in our interpretation of the contract that appellant thereby assumed the responsibility of keeping the elevator in reasonably safe condition, provided the evidence shows that he neglected or failed to keep the elevator in such condition. Appellee, as owner,

owed the legal duty to all other tenants and to all other parties rightfully using the elevator, except the lessees, to keep the same in a reasonably safe condition at his expense. This duty could not be, as to such tenants and parties, and was not, abrogated by the contract with said lessees. B. Shoninger Co. v. Mann, 219 Ill. 242. In all that class of cases where one party owes a legal duty to the public and to third persons to keep a place or an instrumentality reasonably safe, whenever another, by contract, agrees to perform that duty for him upon sufficient consideration, such contract by implication of law becomes one of indemnity and renders the party assuming such duty by contract liable for all damages that may legally be recovered by third persons against such party upon whom the law had in the first instance cast such duty, as a result of the failure to comply with such contract. City of Brooklyn v. Brooklyn City R. Co., 47 N. Y. 475-484; Mayor of Troy v. Troy & L. R. R. Co., 49 N. Y. 657; Washington Gas Light Co. v. District of Columbia, 161 U. S. 316; Gridley v. City of Bloomington, 68 Ill. 47; Pfau v. Williamson, 63 Ill. 16; Minneapolis Mill Co. v. Wheeler, 31 Minn. 121; 22 Cyc. 95.

The right of appellee to recover is not affected by the general doctrine that neither contribution nor indemnity will be given to one of several tort-feasors against the others. The liability of appellant is primary, because of his contract to assume the duty of appellee. They are not equally guilty, or, to express it in the language of some of the authorities, they are not in *pari delicto*. City of Brooklyn v. Brooklyn City R. Co. and Washington Gas Light Co. v. District of Columbia, *supra*.

We think also that the court applied the correct rule of measuring the damages recoverable. ''Where a person is responsible over to another, either by operation of law or by express contract, for whatever may be justly recovered in a suit against such other,

and he is duly notified of the pendency of the suit and requested to take upon himself the defense of it, and is given an opportunity to do so, the judgment therein, if obtained without fraud or collusion, will be conclusive in a subsequent suit against him for indemnity, whether he appeared in the former suit or not. 24 Am. & Eng. Ency. of Law (2nd Ed.) 740; and also Drennan v. Bunn, 124 Ill. 175. As indemnity for actual loss sustained is all that can be recovered, the rule, of course, must be modified to the extent that if a legal compromise is made, whereby the party indemnified pays less than the judgment recovered, he can only recover over the amount of the judgment so by him paid by compromise.

The appellee was entitled to recover, if at all, for his legal attorneys' fees and costs expended in the defense of the suit against him. Westfield v. Mayo, 122 Mass. 100; Mayor of Troy v. Troy & L. R. R. Co., 49 N. Y. 657. This right was also given appellee by the express terms of the lease.

There is no grounds for complaint on appellant's part that the court finally gave judgment for appellee in a sum less than the verdict directed by the court without the formality of a remittitur. The verdict and judgment were both the legal directions of the court, and the jury were in no wise responsible for either, and the court had the legal right to enter the judgment had the jury refused to return the verdict directed, if there were no valid reasons why the court should not have directed a verdict in the first instance. Besides, the entering of a less judgment was in appellant's favor, and he should not be heard to complain of a ruling in his favor and which he urged upon the court by his argument against the allowing of interest. Parker v. Fisher, Fuller & Co., 39 Ill. 164; Kinser v. Calumet Fire-Clay Co., 165 Ill. 505.

The evidence in this record tends to show that the meter in question was not a part of the elevator. Its only purpose was to measure the water used by the

elevator. Everything hanging about or over the elevator that might endanger persons on it is not necessarily a part of the elevator. Neither is everything necessarily a part of the elevator within the meaning of the said lease that has to do with the running of it. If so, the pipes, engines, etc., that furnished the water pressure would be a part thereof. The lease does not covenant by implication or otherwise to indemnify against any damages except such as arise specifically by reason of appellant's failure to keep the elevator in good condition and repair. We think it was a very considerable question of fact whether or not the meter, within the terms of the lease, was a part of the elevator, and was required to be kept in "good condition and repair" by appellant.

"Where fair minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury." McCarthy v. Metropolitan Life Ins. Co., 75 N. J. Law, 887; Rack v. Chicago City Ry. Co., 173 Ill. 289.

The contention of appellee, who has assigned cross-errors, that the court erred in refusing to allow interest at five per cent. from the day appellant was notified of the amount of the damages paid McDonald by appellee, should not be sustained. The statute authorizing interest at that rate "for all moneys after they became due" on any instrument in writing does not apply to the covenant in question. Appellant did not by said covenant agree to pay money to the plaintiff, and no money is due by the terms thereof. The damages were not liquidated damages, nor so certain and definite that interest might be allowed thereon. Dady v. Condit, 104 Ill. App. 507; Brownell Improvement Co. v. Critchfield, 197 Ill. 61; Harvey v. Hamilton, 155 Ill. 377.

For the error in refusing to submit the case to the jury, the judgment of the court is reversed and the cause remanded.

*Judgment reversed and remanded.*

On rehearing the following additional opinion was filed March 12, 1913.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion on rehearing.

A rehearing was granted in the foregoing cause that we might further consider the question of whether or not the lower court should have submitted the case to the jury. By the express terms of the lease appellant was obligated to make all repairs needed in or about the premises by him leased, and in addition thereto to keep the elevator in ''good condition and repair.'' These covenants did not extend to any portion of the building to be jointly used by all the tenants, except the elevator. The halls and stairways by express covenant were to be used jointly by all the tenants, and all the tenants were to pay their proportionate part of all water rents for the building, including water rents for the elevator. These covenants suggest a common use of the water meters on the premises among the tenants, and in the absence of an express covenant appellee would be obligated by law to see that the meters were in reasonable repair, as between himself and the tenants. The declaration charged a breach of the covenant of appellant to keep the elevator in ''good condition and repair,'' and it is evident that that is the only theory upon which appellee could recover for damages claimed in his declaration. Appellee could only recover over against appellant upon the theory that the law made it appellee's duty as to third parties to keep the meter in question in repair, and that by express covenant appellant had agreed with appellee to keep it in good condition and repair. It is clear that the law does obligate appellee as to third parties to keep the meter in repair, because the use of it was retained by him in the lease for the benefit of his other tenants.

We necessarily are forced to conclude, therefore, that there is no liability against appellant in this

138    APPELLATE COURTS OF ILLINOIS.

case, unless the water meter in question is a part of the elevator within the meaning of the lease. We are still of the opinion that this question is one of fact to be settled by a jury, after it has heard all the evidence bearing on that question. With the meager evidence in the record bearing on that question, although it is not contradictory, we are unable to say that reasonable minds would not reach different conclusions therefrom. We, at least, are unable to say, upon the evidence in the record, that the meter in question is a part and parcel of the elevator within the meaning of the said covenant to keep the elevator "in good condition and repair." We, therefore, are unable to recede from our former conclusions, as announced in the foregoing opinion, which is refiled as our opinion in this case.