## John Gubbins, Appellant, v. Isadore Glabman and Morris Glabman, trading as Glabman Brothers, Appellees.

### Gen. No. 24,705.

1. LANDLORD AND TENANT, § 217*—*when error to direct verdict for lessees sued by landlord for money expended for repair of elevator.* In an action by a landlord against his lessees to recover money expended in the repair of damage to an elevator through the lessees' negligence, where the lease contained a covenant providing that the landlord should put the elevator in good condition and that the lessees should then keep it in good repair at their own expense, it was error for the court, who tried the case without a jury, to direct a verdict for defendants, where the lease was introduced and the evidence showed that the landlord had put the elevator in good condition and that it had been thereafter damaged by defendants.

2. TRIAL, § 187*—*what question raised by motion for directed verdict.* In the trial of a case by the court without a jury, a motion for a directed verdict at the close of plaintiff's case raises only a question of law as to the sufficiency of the evidence to sustain a verdict against the party making the motion; but the court may weigh the evidence, determine the question of the preponderance thereof and enter judgment accordingly, if the defendant plainly informs the court that such is his desire.

3. LANDLORD AND TENANT, § 217*—*time when landlord may sue for money expended for repair of elevator.* Under a covenant in a lease that the elevator in the building in question should be maintained by the lessees at their own expense and kept in good running order during the term of the lease, the landlord was not compelled to wait until the expiration of the lease before bringing action for money expended by him in the repair of damage to the elevator because of the lessees' negligence.

Appeal from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Reversed and remanded. Opinion filed October 10, 1919.

ARCHIBALD CATTELL and CARL A. WALDRON, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SABATH, STAFFORD & SABATH, for appellees; CHARLES B. STAFFORD, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In his statement of claim, filed in the Municipal Court of Chicago on April 3, 1918, plaintiff alleges that the defendants were indebted to him for repairs to an elevator in the premises known as 718-720 South Canal Street, Chicago, which premises had been leased by plaintiff to defendants by a written lease; that by the terms thereof defendants were liable for the upkeep of the elevator, and by reason of the negligence of defendants the elevator had been damaged and plaintiff had had it repaired at an expense to him of $107.24, for the recovery of which sum plaintiff sues. The lease in question, which is on a common printed form and dated July 31, 1917, provides among other things that plaintiff leases to defendants "the three floors and basement, 718-720 South Canal Street, to be occupied for storage of merchandise and repairing" for the term of one year, from August 1, 1917, to July 31, 1918; that defendants agree to pay as rent for the premises the sum of $1,800, payable in instalments; that the lessees (defendants) will, at the expiration of the term, yield up the premises to plaintiff in as good condition as when the same were entered upon by defendants, loss by fire or inevitable accident and ordinary wear excepted; and that the lessees (defendants) will permit the lessor (plaintiff) to have free access to the premises to make any needful repairs or alterations of the premises as the lessor may see fit to make. There is a special provision, in typewriting, as follows: "It is understood and agreed that the elevator * * * is to be put in good repair by lessor, and is to be operated and maintained by lessees at their own expense and kept in good running order, during the term of this lease." The defendants, in

their affidavit of merits, alleged in substance that by the terms of said lease it was agreed that plaintiff was to put into good repair the elevator mentioned; that plaintiff, the lessor, has failed to put the same in good repair in compliance with the building ordinances of the City of Chicago; that under the terms of said lease the defendants, lessees, were not liable for the upkeep of said elevator "until after the said lessor should so make the repairs as required by the City Ordinances"; and that, therefore, these defendants are not indebted to plaintiff in said sum of $107.24, or in any sum.

The case was tried before the court without a jury. Plaintiff introduced the lease in question, and plaintiff and two witnesses in his behalf testified. At the conclusion of plaintiff's evidence the court, on defendant's motion, entered a finding against the plaintiff and subsequently, after overruling a motion for a new trial, entered judgment against the plaintiff for costs.

Plaintiff's evidence discloses that, at the time defendants took possession of the premises, plaintiff put the elevator and its safety device in good running order and repair and instructed defendants how to operate them. The trial court remarked during the course of the trial: "It looks to me as though the elevator was in good order and repair." Plaintiff's evidence further discloses that defendants operated the elevator for about 4 months, when, in December, 1917, it got caught and defendants pried it loose with a crowbar at one of the upper floors without stopping the machinery, and the cables broke and the elevator and cables fell into the pit; that the defendants had piled furniture "against the wall that the safety device worked on" high enough to interfere with the working of said device; that immediately after the occurrence the defendant, Isadore Glabman, telephoned plaintiff, advising him that the elevator had broken down and requesting plaintiff to "send a man over to

fix it," to which plaintiff replied, "I have no men; I will send an elevator man"; that plaintiff immediately sent an elevator man who made the necessary repairs and plaintiff paid him the sum of $107.24 therefor, which sum defendants' counsel admitted at the trial was a fair and reasonable charge for the work done; and that at the time of said telephone conversation nothing was said as to who should pay for said repairs, but that plaintiff at the time "supposed the lease covered it."

In *Helm v. Illinois Commercial Men's Ass'n,* 279 Ill. 570-575, it is said:

"In a trial before the court without a jury a legal question, only, is raised by demurring to the evidence. The same question may be raised by submitting a proposition to the court or by a motion to find for the party. * * * If the court sustains the motion, judgment necessarily follows in favor of the party making the motion. The motion raises only a question of law as to the legal sufficiency of the evidence to sustain a verdict against the party making the motion. (*Wolf v. Chicago Sign Printing Co.,* 233 Ill. 501.) If there is no evidence, or but a scintilla of evidence, tending to prove the material ultimate facts necessary to sustain the plaintiff's cause of action, such a motion by the defendant should be sustained; but if there is in the record any evidence, although contradicted, which the court can reasonably say fairly tends to prove all the ultimate facts necessary to entitle the plaintiff to judgment, then the court should overrule the motion, unless there is also uncontradicted evidence in the record that establishes an affirmative defense for the defendant. (*Libby, McNeill & Libby v. Cook,* 222 Ill. 206.) * * * In a case before a court without a jury, if at the close of the plaintiff's evidence the defendant does not desire to introduce any evidence and desires the court to take the case on the evidence of plaintiff and weigh it and make a finding of the facts and render judgment accordingly, he should plainly so inform the court. The court may then weigh the evidence, determine the question of

a preponderance thereof and enter judgment accordingly. If only a motion to find for defendant is made it must be understood that it only raises a question of law, as heretofore explained, and on such a motion the court cannot weigh the evidence and finally settle the issues of fact until the question of law is settled in favor of the plaintiff.''

We are of the opinion that the trial court erred in granting defendants' motion made at the close of plaintiff's case and entering judgment against plaintiff. We think that the uncontradicted evidence of plaintiff taken alone was sufficient in law to entitle plaintiff to recover back from defendants the amount plaintiff had expended for the repairs of the elevator. The evidence shows that plaintiff, in accordance with the special clause in typewriting in said lease, put the elevator in good repair at the time defendants, as lessees, took possession of the premises. It is provided in that special clause that the elevator ''is to be operated and maintained by lessees at their own expense and kept in good running order, during the term of this lease.'' It, therefore, became the duty of defendants, under the lease, to keep the elevator in repair at their expense, and when, through defendants' negligence the elevator broke down and had to be repaired and defendants requested plaintiff ''to send a man over to fix it,'' and plaintiff did so, and the elevator was repaired, we think it clear that under such an undisputed state of facts defendants would be liable for the amount expended by plaintiff for the repairs, it being admitted that said amount is fair and reasonable. In *Trego v. Rubovits,* 178 Ill. App. 127-133, it is decided in substance that, where the lessee of part of a building covenants to keep the elevator in good condition and repair, and his employee, who is injured because such elevator is not in good condition, recovers from the lessor or owner for such injuries, said lessor or owner has a right of action against the lessee for the damages recovered by such employee.

It is, however, here contended by counsel for defendants that the action was prematurely brought, in that plaintiff could not maintain the action until the term of the lease had expired. We cannot agree with the contention. The covenant was that the elevator should be maintained by the defendants at their own expense and *kept* in good running order during the term of the lease. Under such a covenant the landlord is not compelled to wait until the expiration of the term of the case before bringing action. (1 Taylor's Landlord & Tenant, 9th Ed., sec. 361; *Schieffelin v. Carpenter,* 15 Wend. [N. Y.] 400-409; *Buck v. Pike,* 27 Vt. 529-532.)

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*